Gaston, Judge.'
 

 When this case was formerly before us, we were of opinion that the plaintiff could not recover, because his claim was founded on a guaranty, of which a single justice had not jurisdiction. It is now presented to us under an aspect somewhat different. (His Honor here stated the facts of the case as above, and then proceeded.) —It is difficult to define with precision the nature of the demands of which the legislature has given cognizance to magistrates, and we can only hope to approach this precision by adhering steadily to the principles sanctioned by former adjudications. In the case of
 
 O’Dwyer
 
 v.
 
 Cutter,
 
 1 Dev. Rep. 312, the defendant, for value received, had transferred to the plaintiff a note of Arthur Lawrénce, for ninety-five dollars, and covenanted under seal to guaranty the said note to the plaintiff, and the Court held that the jurisdiction of a justice under the act of 1820 (see 1
 
 Rev. Stat.
 
 c. 62, sec. 6,) did not embrace the case; that the subjects of such jurisdictions were
 
 “
 
 bonds, notes, and liquidated accountsthat here there was a guaranty under seal on which the sole remedy was by action of covenant to recover damages for the non-performance of
 
 *472
 
 the covenant. This was not indeed a
 
 direct
 
 decision upon the import of the terms used in the acts (see 1
 
 Rev. StaU ubi supra,)
 
 giving jurisdiction to magistrates of demands under sixty dollars, which are
 
 “
 
 debts and demands for a balance due on any specialty, contract, note or agreement, or for goods, wares and merchandize sold and delivered, or for work or labour done, or for specific articles due by obligation, note or assumpsit.” But we regard it as necessarily settling the import of these terms, since the act of 1820 extended the jurisdiction over the
 
 same subjects
 
 which were embraced in the former acts, wherever the balance was evidenced by
 
 bond,
 
 note, or liquidated account. If the demand of O’Dwyer would have fallen within the magistrate’s jurisdiction, had if been for a sum less than sixty dollars, the extended jurisdiction of the act of 1820 would have embraced it because “ due on a bond.” We therefore felt ourselves bound to hold, whatever might have been our opinion but for the adjudication referred to, that a single magistrate had not jurisdiction of promises to guaranty a note passed away for value. In the case of
 
 Bill
 
 v.
 
 Ballance,
 
 1 Dev. Rep. 398, it was. decided, that where goods were sold to be paid for in notes, the vendee agreeing to take back the notes if not good, the vendor was authorized, on ascertaining the insolvency of the payers, to' return the notes, and upon a tender and refusal, was remitted to his contract for the goods sold, and if the price thereof did not exceed the sum of sixty dollars, he might warrant for that price as a balance due for goods, wares, and merchandize sold and delivered. The principles to be extracted from these decisions are, that one may warrant for a sum under sixty dollars due upon a contract originally cognizable before a single magistrate, where
 
 that
 
 contract remains in force; and that such a contract is not
 
 extinguished
 
 by receiving notes upon a condition to become a payment if collected, and to be returned if they cannot be collected, although by the terms of the condition an obligation is imposed upon the creditor to use due diligence to procure the collection; but that a warrant will not lie upon a promise to guaranty notes which have either been purchased or received in satisfaction of a pre
 
 *473
 
 existing demand. The distinction may perhaps for practical purposes be thus stated. A plaintiff- may warrant upon any demand of which in terms jurisdiction has been given to a magistrate, although the investigation of the ■demand may lead to inquiries into subjects of which direct jurisdiction has not been given. But a warrant cannot be sued out upon any demand of which the law has not given jurisdiction to a magistrate. **
 

 A plaintiff ^ntupon any ¿je-f which in terms jurisdiction has teen given although gationof " demand inquiries which diction'lias" not been glven-
 

 4 . Applying these principles to the case now under consideration, we are led to the conclusion, that there was error in the instructions given to the jury. His Honor (as we understand his charge,) submitted to them as a question of fact, whether the promise made at the time transferring the notes to the plaintiff- might not be regarded as a mere promise to discharge the balance unpaid on the
 
 old note.
 
 No doubt, where a note has been simply received on account of an existing debt, the .presumption is that it was taken, not in satisfaction, but as a mode of procuring satisfaction thereof; and if it cannot be collected after the exertion of due diligence, the ■creditor is remitted to his original demand. But upon the evidence set forth in this case, the notes were not taken as a mode of procuring satisfaction, but in discharge of the balance due .the plaintiff; they were thus taken because of the promise of the defendant to pay the amount called for by them, or any part thereof, if not collected from the makers of the notes : the old note thus satisfied was delivered up to the defendant; and the remedy of the plaintiff is not upon that old note, but altogether upon this promise. Now this promise must be viewed as identical with a promise to guaranty the notes. There is no essential difference between an undertaking to
 
 pay
 
 the amount if it cannot be collected upon the notes transferred, and an undertaking to make good the amount of the notes so transferred. The judge either submitted to the jury an inquiry of fact which the evidence did not warrant — or held that a justice had jurisdiction of an action founded upon this special promise. The judgment is to be reverse and a new trial directed.
 

 PeR Curiam. Judgment reversed.